IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

SIM B. MOORE, JR.,

    Plaintiff,

       v.

UNITED STATES OF AMERICA,

    Defendant.

CIVIL NO.: WDQ-13-2353

MEMORANDUM OPINION

Sim B. Moore, Jr., *pro se*, sued the United States of
America for violating the Freedom of Information Act ("FOIA").[1]
ECF No. 1.  Pending is the defendant's motion to dismiss or for
summary judgment.  ECF No. 9.  No hearing is necessary.  Local
Rule 105.6 (D. Md. 2011).  For the following reasons, summary
judgment will be granted.

I.    Background[2]

From February 1991 to October 2002, Moore was employed by
the U.S. Department of Justice Bureau of Alcohol, Tobacco,
Firearms and Explosives ("ATF").  *See* ECF No. 9-3 at 1.  On May
7, 2013, he submitted a FOIA request to ATF requesting "a copy
of the following documents (or documents containing the

---

[1] 5 U.S.C. § 552.

[2] In reviewing a motion for summary judgment, the nonmovant's
evidence "is to be believed, and all justifiable inferences are
to be drawn in his favor."  *Anderson v. Liberty Lobby, Inc.*, 477
U.S. 242, 255 (1986).

following information)[:] [m]y complete ATF personnel file
including all reports, correspondences, emails, and records
during my service with ATF." *Id.* On May 20, 2013, ATF's
Disclosure Division (the "Division") sent a letter to Moore
informing him that he needed to submit a certification of
identity form (Form DOJ-361), which is required by DOJ
regulations for FOIA and Privacy Act[3] requests. *Id.* at 2-3. On
June 3, 2013, Moore provided the completed form to the Division.
*Id.* at 5-6. On June 11, 2013, the Division informed Moore by
letter that his request was received and assigned number 13-
1056. *Id.* at 6.

After ATF failed to produce the requested documents, on
August 13, 2013, Moore sued the United States, alleging that ATF
"ha[d] wrongfully withheld the requested records from him" by
not responding to his FOIA request. *See* ECF No. 1 at 3. Moore
sought: (1) a Court order requiring the defendant "to disclose
the requested records in their [entirety] and make copies
available . . . without redaction or cost;" (2) five hundred
dollars in damages; and (3) litigation costs. *Id.*

On September 30, 2013, the Division told Moore that his
official personnel file ("OPF") was located at the National
Personnel Records Center ("NPRC") in Valmeyer, Illinois where

---

[3] 5 U.S.C. § 522a.

OPFs of former government employees are usually kept.[4]  *See* ECF No. 9-3 at 8.  Moore subsequently contacted the NPRC, which informed him that ATF had requested a copy of his OPF on April 20, 2012, and accordingly instructed him to contact ATF.  *See id.* at 13.  On November 14, 2013, Moore gave a copy of the NPRC's letter to the Division, which located his OPF in the Litigation Division of the Chief Counsel's Office.  *See* ECF Nos. 9-2 at 3, 9-3 at 14.

On November 18, 2013, the Division provided Moore with a complete copy of his OPF (154 pages) without charge.[5]  ECF Nos. 9-2 at 3, 9-3 at 15.  The Division did not withhold any documents from Moore's OPF and only redacted the social security numbers of third parties.  *See id.*

Believing that ATF's response was incomplete, Moore provided ATF with a list of six categories of documents that he believed should be in his OPF: (1) proposals for, and decisions on, disciplinary actions; (2) emails and correspondence on

---

[4] The Division was unaware that Moore had sued ATF for violations of a class action settlement agreement.  ECF No. 9-2 at 2.  If not for this litigation, under ATF's standard operating procedures, Moore's file would have been transferred to the NPRC based on the amount of time since his employment with ATF had ended.  *Id.*

[5] The letter noted that the request was processed under the Privacy Act.  ECF No. 9-3 at 15.  The Privacy Act provides that "no agency shall disclose any record which is contained in a system of records . . . except pursuant to a written request by . . . the individual to whom the record pertains."  § 552a(b).

disciplinary actions; (3) the signed settlement agreement between him and ATF after ATF "attempted [to] remov[e him] in 1998 for medical [u]nsuitability;" (4) medical reports and records provided to ATF at its request from his physician, and from a physician selected by ATF; and (5) "AD of Inspection approvals of discipline." ECF No. 9-2 at 3-4.

After receiving Moore's list, Stephanie M. Boucher, Chief of the Division, contacted ATF's Payroll Processing department, which "handles ATF's [OPFs]." *Id.* at 4. The Branch Chief of Payroll told Boucher that "the items listed by Mr. Moore are not the types of items that are filed in the OPF."[6] *Id.*

On December 16, 2013, the government moved to dismiss or for summary judgment. ECF No. 9. Attached to the motion is a declaration from Boucher. ECF No. 9-2. She declares that her statements describing ATF's process of responding to Moore's request "are based on knowledge [she acquired] through the performance of [her] official duties," and that she is "familiar with the procedures followed by this office in responding to [Moore's] FOIA request." *Id.* at 1

_____

[6] Boucher also declares that employees' official medical files are maintained in a separate file at the NPRC. ECF No. 9-2 at 4.

On January 6, 2014, Moore opposed the government's motion.[7]

ECF No. 11.  On January 23, 2014, the government replied.  ECF

No. 12.

II.  Analysis

A. Legal Standard

The Court "shall grant summary judgment if the movant shows

that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law."  Fed. R.

Civ. P. 56(a).[8]  In considering the motion, the judge's function

is "not . . . to weigh the evidence and determine the truth of

the matter but to determine whether there is a genuine issue for

---

[7] Moore's complaint asserts only that ATF failed to respond to
his FOIA request. *See* ECF No. 1 at 3.  In his opposition, Moore
asserts that ATF did not conduct an adequate search in response
to his FOIA request, but he has not sought to amend his
complaint to add this claim. *See* ECF No. 11 at 2.  Because ATF
responded to his FOIA request on November 18, 2013, Moore's
request for the Court to order ATF to respond is now moot. *See*
*Reg'l Mgmt. Corp., Inc. v. Legal Servs. Corp.*, 186 F.3d 457, 465
(4th Cir. 1999) ("[A] challenge to a particular denial of a FOIA
request becomes moot if an agency produces the requested
documents.").  Because Moore is proceeding *pro se*, however, the
Court will construe his opposition as an amended complaint and
address his claim that ATF did not conduct an adequate search
under FOIA. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct.
2197, 2200, 167 L. Ed. 2d 1081 (2007) ("A document filed *pro se*
is to be liberally construed, and a *pro se* complaint, however
inartfully pleaded, must be held to less stringent standards
than formal pleadings drafted by lawyers." (internal quotations
and citations omitted)).

[8] Rule 56(a), which "carries forward the summary-judgment
standard expressed in former subdivision (c)," changed "genuine
'issue' [to] genuine 'dispute,'" and restored the word "'shall'
. . . to express the direction to grant summary judgment."  Fed.
R. Civ. P. 56 advisory committee's note.

trial." *Anderson,* 477 U.S. at 249.  A dispute about a material
fact is genuine "if the evidence is such that a reasonable jury
could return a verdict for the nonmoving party." *Id.* at 248.

The Court must "view the evidence in the light most
favorable to . . . the nonmovant and draw all reasonable
inferences in [his] favor." *Dennis v. Columbia Colleton Med.
Ctr., Inc.,* 290 F.3d 639, 645 (4th Cir. 2002).  In general, FOIA
disputes should be resolved on summary judgment.  *Hanson v. U.S.
Agency for Int'l Dev.,* 372 F.3d 286, 290 (4th Cir. 2004).

Here, the defendant requests summary judgment on Moore's
claim on the ground that it has fully responded to his FOIA
request for documents.  *See* ECF No. 9-1 at 5-6.  To demonstrate
that it has discharged its obligations under FOIA by conducting
an adequate search--and is therefore entitled to summary
judgment--the agency must show that its "search [was] reasonably
calculated to uncover all relevant documents."  *Ethyl Corp. v.
United States Environmental Protection Agency,* 25 F.3d 1241,
1246 (4th Cir. 1994) (*quoting Weisberg v. United States Dep't of
Justice,* 745 F.2d 1476, 1485 (D.C. Cir. 1984)); *Wickwire Gavin,
P.C. v. Def. Intelligence Agency*, 330 F. Supp. 2d 592, 596-97
(E.D. Va. 2004).  An agency may rely on a reasonably detailed,
nonconclusionary, good faith affidavit to show the adequacy of
its search and must aver "that all files likely to contain

responsive materials (if such records exist) were searched."[9]
*See Ethyl*, 25 F.3d at 1246-47.   It is not necessary that a
search unveil every potentially responsive or relevant document.
*Id.* at 1246.

   B. FOIA Claim

   Under FOIA, federal agencies must promptly make records
available when the request reasonably describes the records
sought and is made in accordance with published rules. *See*
§ 552(a)(3)(A).   Records that are properly requested must be
provided in any form or format requested, if it is readily
reproducible by the agency in that form.   *See id.*
§ 552(a)(3)(B).   The purpose of FOIA is to open government
agency action to public scrutiny. *See Dep't of Air Force v.*
*Rose*, 425 U.S. 352, 361, 96 S. Ct. 1592, 1599, 48 L. Ed. 2d 11
(1976).   Under § 552(a)(4)(B) "federal jurisdiction is dependent
upon a showing that an agency has (1) 'improperly'; (2)
'withheld'; (3) 'agency records.'"   *Kissinger v. Reporters Comm.*
*for Freedom of the Press*, 445 U.S. 136, 150, 100 S. Ct. 960, 63
L. Ed. 2d 267 (1980).

---

[9] Boucher has averred that--with the exception of the documents
already produced--she is "aware of no other documents that are
responsive to the request."   ECF No. 9-2 at 4.   "The court is
entitled to accept the credibility of the affidavits, so long as
it has no reason to question the good faith of the agency."
*Spannaus v. U.S. Dep't of Justice*, 813 F.2d 1285, 1289 (4th Cir.
1987) (*quoting Barney v. Internal Revenue Service*, 618 F.2d
1268, 1272 (8th Cir. 1980)).

Moore argues that ATF's response was inadequate, because "it was not a reasonably calculated search where other responsive documents might be." ECF No. 11 at 2. He contends that ATF improperly limited its search to a single "file," when "he asked for documents." *Id.* at 5. He also disputes the Division's contention that he must make a separate FOIA request for the documents in the "more specific" list that he provided to ATF after they sent him his OPF, because these documents were responsive to his original request. *See id.* at 4-5.

Here, Moore requested a copy of his "complete ATF personnel file including all reports, correspondences, emails, and records." ECF No. 9-3 at 1. Boucher avers that, on November 18, 2013, she produced Moore's complete OPF in response to this request, and no documents in his OPF were withheld.[10] ECF No. 9-2 at 3. Although Moore believes that additional documents are responsive to his request, agencies are not obligated to look beyond the "four corners" of a FOIA request "when formulating their searches, nor [are] they required to chase rabbit trails that may appear in documents uncovered during their search." *Rein v. U.S. Patent & Trademark Office*, 553 F.3d 353, 365 (4th Cir. 2009). Moore's FOIA request, on its face, seeks only a

---

[10] In his opposition, Moore asserts that ATF improperly withheld his OPF twice before finally producing it. ECF No. 11 at 2. However, now that ATF has properly produced his personnel file, any claims arising out of these previous failures to disclose are moot. *See Reg'l Mgmt.*, 186 F.3d at 465.

copy of his "complete" personnel file "including" all the documents within it.[11]  ATF reasonably interpreted Moore's request to mean that he wanted a copy of his OPF, which it produced in full.  If Moore wishes ATF to produce additional documents that were not in his OPF, he should submit a second FOIA request.  *See Carter, Fullerton & Hayes, LLC v. F.T.C.*, 601 F. Supp. 2d 728, 735 (E.D. Va. 2009) (*citing id.*).  Because Boucher's declaration establishes that ATF conducted a search "reasonably calculated to uncover all relevant documents," the defendant will be granted summary judgment on Moore's inadequate search claim.

C. Request for Damages and Costs

In addition to a Court order requiring ATF to respond to his FOIA request, Moore's complaint requests money damages and

---

[11] In Moore's opposition, he faults ATF for failing to search the "immediate area" of the Chief Counsel's office for other allegedly responsive documents, especially since some of the documents he was seeking--the settlement agreement and medical records--are legal documents.  *See* ECF No. 11 at 2-3.  However, Moore did not request a copy of the settlement agreement--or even ask for "legal" documents--in his FOIA request.  ECF No. 9-3 at 1.  Further, the Office of Personnel Management's ("OPM") OPF checklist--submitted with the defendant's motion--states that settlement agreements between an agency and individual may not be put in an OPF.  *Id.* at 24.  Finally, Boucher avers that employee medical records are kept in a separate file at the NPRC.  ECF No. 9-2 at 4.

Similarly, Moore did not specifically ask for "disciplinary records" in his FOIA request, *see* ECF No. 9-3 at 1, and the OPM checklist notes that such documents "may" be included in the OPF as "temporary" records but are not "permanent" records, *see* ECF No. 9-3 at 17.

costs.  ECF No. 1 at 3.  Money damages are not available under FOIA.  *See Smith v. Commc'ns Works of Am. (CWA)-Dist. 2*, 8:12-CV-00027-AW, 2012 WL 6727150, at *4 (D. Md. Dec. 26, 2012) *aff'd sub nom. Smith v. E.E.O.C.*, 517 F. App'x 159 (4th Cir. 2013) (*citing* § 552(a)(4)(B)).  Thus, ATF will be granted summary judgment on this claim.

However, FOIA authorizes an award of "reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed."  § 552(4)(E)(i).  ATF does not seek judgment on Moore's claim for costs, only noting that it "reserves its right to object to any petition filed by Plaintiff for costs."  ECF No. 9-1 at 6.  Accordingly, Moore may move for an award of costs within 21 days of the date of the Order accompanying this opinion.  The Court will reserve judgment on whether he is entitled to costs until the issue has been fully briefed.[12]

---

[12] Moore is cautioned that attorneys' fees are not available to *pro se* plaintiffs.  *See Kay v. Ehrler*, 499 U.S. 432, 435, 111 S. Ct. 1435, 1436-37, 113 L. Ed. 2d 486 (1991).

III. Conclusion

For the reasons stated above, the defendant's motion for summary judgment will be granted.

_June 6, 2014_
Date

William D. Quarles, Jr.
United States District Judge